UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Docket No. 08MJ0755 |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF: |
| **Jorge MASCARENO-Martinez,** | Title 8, U.S.C., Section 1326 Deported Alien Found in the United States |
| Defendant | |

The undersigned complainant, being duly sworn, states:

On or about **March 6, 2008** within the Southern District of California, defendant, **Jorge MASCARENO-Martinez**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **7th** DAY OF **MARCH, 2008.**

Cathy A. Bencivengo
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Jorge MASCARENO-Martinez

## PROBABLE CAUSE STATEMENT

On March 6, 2008, Border Patrol Agent J. Felix was performing line watch operations near an area known as the Tree Farm. This area is approximately two miles west of the San Ysidro, California, Port of Entry and is approximately five-hundred yards north of the United States/Mexico International Boundary Fence.

Agent Felix was advised by Border Patrol Dispatch that a seismic intrusion device had activated. Agent Felix responded and with help of a National Guard Highpoint observer, saw one individual walking north in the area. Agent Felix approached the individual, later identified as the defendant **Jorge MASCARENO-Martinez** and identified himself as a United States Border Patrol Agent and questioned the defendant as to his country of citizenship. The defendant freely admitted to being a citizen and national of Mexico without any immigration documentation permitting him to enter or remain in the United States legally. At approximately 11:15 am, Agent Felix arrested the defendant and transported him to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **September 7, 2007** through **El Paso, Texas.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant admitted that he is a citizen and national of Mexico illegally present in the United States. The defendant further admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally. The defendant also stated that his destination was Los Angeles, California.